UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | | |
|---|---|---|
| D'BREANTE FORD, | ) | |
|     Plaintiff, | ) | |
| | ) | |
| v. | ) | CAUSE NO. 1:10-CV-202 WL |
| | ) | |
| RICHARD EASTES, *et al.*, | ) | |
|     Defendants. | ) | |

## OPINION AND ORDER

D'Breante Ford, a *pro se* prisoner, filed a complaint under 42 U.S.C. § 1983. Pursuant to 28 U.S.C. § 1915A, the court must review a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A(a), (b). Courts apply the same standard under Section 1915A as when deciding a motion under FEDERAL RULE OF CIVIL PROCEDURE 12(b)(6). *Lagerstrom v. Kingston*, 463 F.3d 621, 624 (7th Cir. 2006).

To survive a motion to dismiss under Rule 12(b)(6), a complaint must state a claim for relief that is plausible on its face. *Bissessur v. Indiana Univ. Bd. of Trs.*, 581 F.3d 599, 602-03 (7th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 603. In determining whether the complaint states a claim, the court must bear in mind that "[a] document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

To state claim under 42 U.S.C. § 1983, a plaintiff must allege: "(1) that defendants deprived him of a federal constitutional right; and (2) that the defendants acted under color of

state law." *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006). Here, Ford's *pro se* complaint is somewhat difficult to decipher, but giving the document liberal construction, he is suing several members of the Marion Police Department in connection with an alleged "unreasonable search and seizure" that occurred on April 2, 2010.

The complaint and attachments Ford has submitted show that on that date, officers from the Marion Police Department were executing an arrest warrant on another individual in the home where Ford happened to be visiting. Upon entering, they discovered drugs, drug paraphernalia, and multiple people, including the suspect they were seeking, three men who appeared to be passed out, a woman and two small children, and Ford. The officers began moving people around in order to secure the scene. In doing so, they allegedly discovered a firearm in the couch where Ford had been sitting. He was arrested and charged with possession of a firearm and other offenses. Those charges remain pending, and according to documents Ford has submitted, a jury trial is scheduled in the case in August 2010. In this suit, Ford claims that the officers violated his Fourth Amendment rights because "they never had a search warrant for the house." (DE 1 at 3.) He seeks monetary damages and also requests that this court "dismiss the charge that has come to the plaintiff." (*Id.*)

As an initial matter, this court cannot dismiss or otherwise interfere with the state criminal charges pending against Ford. *See Younger v. Harris*, 401 U.S. 37, 53 (1971); *In re Campbell*, 264 F.3d 730, 731 (7th Cir. 2001). Furthermore, Ford's Fourth Amendment claim has no merit. As a temporary visitor in the home, Ford lacks standing to raise a Fourth Amendment challenge to the officers' entry. *See Terry v. Martin*, 120 F.3d 661, 663 (7th Cir. 1997) (temporary visitor had no legitimate expectation of privacy in apartment and thus lacked

2

standing to raise a Fourth Amendment claim). Even if Ford had standing to raise a Fourth Amendment claim, it is apparent from the attachments Ford has submitted that the officers entered the home to execute an arrest warrant, which gave them authority to enter. *See Payton v. New York*, 445 U.S. 573, 602-03 (1980) (arrest warrant implicitly carries with it the limited authority to enter a dwelling). The attachments also show that the officers discovered the firearm alleged to be Ford's while they were attempting to secure the scene, which they are permitted to do once inside. *Maryland v. Buie*, 494 U.S. 325, 327 (1990) (officers are permitted under the Fourth Amendment to conduct a "protective sweep" when they are lawfully in a home effectuating an arrest). Accordingly, Ford has failed to state a claim for relief.

Ford also claims that his rights were violated because the firearm was never fingerprinted, but this is not a Fourth Amendment claim. At best, this claim involves the sufficiency of the evidence against Ford, and because success on this claim would be inconsistent with a conviction on the pending charges, it is barred by *Heck v. Humphrey*, 512 U.S. 477, 486-87 (1994). *See Snodderly v. R.U.F.F. Drug Enforcement Task Force*, 239 F.3d 892, 898 n.8 (7th Cir. 2001) ("[W]e have interpreted *Heck* as barring damage claims which, if successful, would necessarily imply the invalidity of a potential conviction on a pending criminal charge.").

For these reasons, the case is **DISMISSED** pursuant to 28 U.S.C. § 1915A.

SO ORDERED.

ENTERED: July 7, 2010

                                                    s/William C. Lee  
                                                    William C. Lee, Judge  
                                                    United States District Court